UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 25-4505-JFW(PVCx)**                                    Date:  October 30, 2025

Title:     Julietta Gharibyan, et al. -v- Mercedes-Benz North America Corporation, et al.

**PRESENT:**
          **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

  **Shannon Reilly**                                          **None Present**
  **Courtroom Deputy**                                        **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                 None                                                    None

**PROCEEDINGS (IN CHAMBERS):**     ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

    On March 24, 2025, Plaintiffs Julietta Gharibyan, Haykuhi Sarkisian, Liana Karagiozova, and Gregern Pogosova (collectively, "Plaintiffs") filed a Complaint against Defendants Mercedes-Benz North America Corporation, Electrify North America, LLC, and Electrify America, LLC.  On May 19, 2025, Electrify America, LLC filed a Notice of Removal, alleging that this Court had jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a) because Electrify North America, LLC had been fraudulently joined.  On August 20, 2025, Plaintiffs filed a First Amended Complaint ("FAC") pursuant to a Joint Stipulation Granting Plaintiffs' Leave to Amend the Complaint ("Stipulation").  In the FAC, Plaintiffs dismissed as defendants Mercedes-Benz North America Corporation and Electrify North America, LLC and added as defendants First Motor Group of Encino, LLC, d/b/a Mercedes-Benz of Encino and Mercedes-Benz USA, LLC.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).

    In addition, diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.

*See* 28 U.S.C. § 1332(a).  With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id*.  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*  A limited liability company is a citizen of every state of which its members are citizens.  *See*, *e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  A corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  *See, e.g., Bank of America, N.A. v. Remington Place Homeowner's Association*, 836 Fed. Appx. 580, 581 (9th Cir. 2021) ("Bank of America alleges that Remington Place Homeowners' Association 'is a Nevada non-profit corporation,' but a corporation is a citizen of both its state of incorporation 'and . . . the State where it has its principal place of business'") (*quoting Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010)).

      Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."  *See, e.g., Soto v. Nissan North America, Inc.*, 2025 WL 2842034 (C.D. Cal. Sept. 29, 2025) (remanding action to Los Angeles Superior Court because addition of non-diverse defendant destroyed diversity jurisdiction).  In this case, neither the Stipulation nor the FAC address this Court's jurisdiction, the citizenship of any of the parties, or whether this action should be remanded to Los Angeles Superior Court because the addition of First Motor Group of Encino, LLC, d/b/a Mercedes-Benz of Encino and Mercedes-Benz USA, LLC destroyed diversity jurisdiction.

      Accordingly, the parties are ordered to show cause, in writing, no later than **November 4, 2025**, why diversity jurisdiction exists and why this action should not be remanded to Los Angeles Superior Court for lack of subject matter jurisdiction.  No oral argument on this matter will be heard unless otherwise ordered by the Court.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  The Order will stand submitted upon the filing of the response to the Order to Show Cause.  Failure to respond to this Order to Show Cause will result in the remanding of this action to Los Angeles Superior Court.

      IT IS SO ORDERED.